THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* JOHN DE LEON, APPELLANT.

*Kidnapping — what facts authorize a conviction under subdivision 1 of section 211 of the Penal Code — section 213 is not applicable to cases of inveiglement — a consent produced by fraud is no consent.*

The defendant was indicted for willfully and feloniously inveigling and kidnapping one Sarah Bowers with intent to cause her to be sent, without authority of law, to the city of Aspinwall, in the State of Panama, in the United States of Columbia, and to be there kept against her will. It appeared on the trial that she was induced, enticed and wheedled by the appellant, aided and abetted by a woman whom she met at his office, and who seemed to have been acting in concert with him, to go on board a steamer bound to Aspinwall, the inducement being the offer of a situation for her as nurse or ladies' companion in Panama, upon which she testified she relied, and by which she was induced to go, and that if it were not for such reliance she would not have gone. The defendant suggested the passage, procured and paid for the tickets and gave Mrs. Bowers a letter addressed to a Mrs. De Bleu, who appeared to be his ally in the business in Panama, and who received and disposed of the women he sent to Aspinwall, the business being, as was revealed by the letter, when considered in connection with the testimony of a witness examined on the trial, the transportation of women to Panama for the purposes of prostitution.

*Held,* that a judgment convicting the defendant of the offense of kidnapping, as defined in subdivision 1 of section 211 of the Penal Code, providing that " a person who willfully seizes, confines, *inveigles* or kidnaps another with intent to cause him, without authority of law, to be secretly confined or imprisoned within this State, *or to be sent out of the State,* or to be sold as a slave, or in any way held to service or kept or detained *against his will,*" should be affirmed.

*Hadden* v. *The People* (25 N. Y., 373) followed.

That the word "inveigle" means to persuade, to something bad, to wheedle, to entice, to seduce, to beguile, and involves no physical force, but such mental control over the person inveigled as to entice him to do what it is designed, or intended to beguile him to do, and if this be accomplished by falsehood, by deceit, misrepresentations or device, whatever it may be, which captivates the mind, the crime is committed.

That section 213 of the Penal Code, which declares that upon a trial for a violation of the chapter containing section 211, the consent thereto of the person kidnapped or confined shall not be a defense unless it appears satisfactorily to the jury that such person was above the age of twelve years, and that the consent was not extorted by threats or duress, did not apply to cases of inveiglement but only to cases which did not necessarily involve the consent of the person entrapped.

That if such a consent is to be regarded at all it would not avail the defendant, by reason of the doctrine extending through all the departments of the law, that whatever is produced by fraud is to be deemed as though it did not exist.

APPEAL from a judgment of the Court of General Sessions convicting the defendant of kidnapping one Sarah Bowers.

*John D. Townsend,* for the appellant.

*R. B. Martine* and *McKenzie Semple,* for the respondent.

PER CURIAM:

The defendant was indicted for willfully and feloniously inveigling and kidnapping one Sarah Bowers, with intent to cause her to be sent without authority of law to the city of Aspinwall, in the State of Panama, in the United States of Columbia, and to be there kept against her will. On the trial it abundantly appeared that she was induced by the appellant, aided and abetted by a woman whom she met at his office and who seems to have been acting in concert with him, to go on board a steamer bound to Aspinwall, Panama; induced, enticed and wheedled thereto by him in the manner stated. He suggested the passage, procured and paid for the tickets and gave Mrs. Bowers a letter addressed to Mrs. de Bleu, who appears to have been his ally in the business in Panama and who received and disposed of the women he sent to Aspinwall, and in which letter his

business was revealed sufficiently to make it fully understood, particularly in connection with the evidence of Mr. Bodsall, that it was the transportation of women to Panama for the purposes of prostitution. His inducement by which Mrs. Bowers was enticed was the offer of a situation for her as nurse or ladies' companion in Panama, and upon which she testified she relied and by which she was induced to go; and further, that if it were not for such reliance she would not have gone.

The statute under which the appellant was convicted provides that a person who willfully inveigles or kidnaps another, with intent to force him without authority of law to be secretely confined or imprisoned within the State, or to be sent out of the State to be sold as a slave, or in any way held to service or kept or detained against his will is guilty of kidnapping. The word "inveigle" is defined to be to persuade to something bad, to wheedle, to entice, to seduce to beguile, and to inveigle involves no physical force, but such mental control over the person inveigled as to entice.him to do what it is designed or intended, to beguile him to do, and if this be accomplished by falsehood, by deceit, misrepresentation or device whatever it may be, which captivates the mind, the crime is committed. The departure is then against the will because of the fraud perpetrated upon its possessor, which acts on a belief induced by falsehood and for a wicked purpose, and without which falsehood the departure would not have taken place. The act of the appellant may be briefly stated as follows : With an intent to induce the complainant to leave this State and for a wicked purpose, he made false representations which were believed to be true and relied upon and being relied upon resulted in her departure. She was thus enticed; thus inveigled. Under the Revised Statutes (3 R. S. [7th ed.], 2476, § 28), which was similar to section 211 of the Penal Code, the Court of Appeals, in *Hadden* v. *The People* (25 N. Y., 373), held that procuring the intoxication of a sailor with the design of getting him on shipboard without his consent, and taking him on board in that condition was kidnapping under section 28 (*supra*), and that it was immaterial whether the offender did the acts in person or caused them to be done. And the court also held that where the intent and expectation is that the seaman will be carried out of the State, the offense is complete although the ship be not in fact

destined to leave the State. On the trial there discussed the defendant's counsel asked the instruction that the business of providing ships with sailors was lawful, and it was assumed that such was the intention, but that if the person kidnapped was to be sent to become a sailor he was to be made such against his will. So here, if Mrs. Bowers was to be sent to Panama for improper purposes it was against her will, and this was proved in fact by her return, and it is sufficiently shown for the reason that her ultimate destination through the machinations of the appellant was discovered on the voyage. It is true that in the case cited the intoxication deprived the complainant of the power of exercising his will, but here the will was led captive by the appellant's fraudulent device and made subservient to his wishes.

This adjudication is quite sufficient in principle to sustain the conviction. The cases are analogous. While it must be said that Mrs. Bowers went on the journey for a purpose not truthfully set out by the appellant, she involuntarily went for the object intended by the appellant and thus, so far as his intent, enticement, inducement, or beguilement is concerned, against her will. We are now dealing with his acts, designs, intent and whatever may be legitimately said to result from them, fairly tested by the incidents and emotions of life must be his burden. What was his intent—what he did in furtherance of it, what was done by his victim willingly and what against her will, are all proper subjects of inquiry ; and it is a universal problem, and if it were not it ought to be, that whatever one does by means of falsehood, deceit, misrepresentation or fraudulent device, is involuntary as in opposition to and therefore against her will " Covin doth destroy all things."

Indeed, it must be further said that the statute was designed as evidenced by the word " inveigle " to provide for cases kindred to this, where a person by improper device might be induced or enticed by another to leave the State to promote some unlawful scheme of the other.

If such cases are not within the letter, they are assuredly within the spirit of the statute, otherwise monstrous wrongs might be accomplished as in this case, with impunity ; the infamous traffic of the appellant based upon the moral death of innocent, virtuous women in pursuit of honest employment can be carried on in

defiance of law. Mrs. Bowers, for example, started away with a mind absolutely blank as to the object the appellant had in view in her departure, and under impressions that she was about to secure by honest labor her own support and that of her children, with no surmise, no conjecture that she was to be led hopelessly into the realm of vice, far from friends, in an unhealthy climate, without means to pay the expenses of an immediate return, and therefore in a pitiful plight. It was this very condition upon which he relied for success in detaining his victim at the designated place, there either to yield from necessity or die. Indeed, he boasted of the safety of the business, for he said " dead women, like dead men, tell no tales."

The only possible answer to these views, springs from the provisions of section 213 of the Penal Code, which declares, that upon a trial for a violation of this chapter, the consent thereto of the person kidnapped or confined shall not be a defense unless it appear satisfactorily to the jury that such person was above the age of twelve years and that the consent was not extorted by threats or duress.

But here there was no consent to do what the appellant attempted to accomplish. Mrs. Bowers consented to go to Panama on the promise of honest employment by respectable employers, and not for any other purpose. She did not consent to go for the object in view by the appellant. She did not know it. The consent must be intelligent with full knowledge of the thing consented to. The word " inveigle " must also be borne in mind involves consent, and the section mentioned cannot therefore apply to such a case. If there be an alleged seizure or any force, the consent would be an answer unless obtained by threat or duress. If it were alleged or proven that a person was approached and asked to leave this State and refused, and then put in jeopardy, and to avert it consented, the person charged with the offense might take issue upon the alleged jeopardy and in addition prove the consent. This would present the vital question to be determined. If the section is to be applied to cases of inveiglement, and the consent involved as suggested is an answer, then that element is of no force whatever. No conviction can be had under a charge resting upon it. The legislative intent was to apply it therefore to cases which did not necessarily involve the consent of the person entrapped.

But such a consent, if to be regarded at all, can be of no avail to the appellant, for it is a doctrine extending through all the departments of the law that whatever is produced by fraud is to be deemed as though it did not exist. (Bishop on Criminal Law, vol. 1, § 261.)

In *Reg* v. *Hopkins* (1 Carrington & Marshman's Rep., 254), in which the charge was abduction, the father of the female child parted from her on the representation which he believed to be true, that she was to go to live with a lady. It was contended that consent having been given no offense had been committed, but GURNEY, B. said the consent of the father having been obtained by the fraudulent · representation of the prisoner, was in truth no consent at all, and proceeded to illustrate the proposition by several instances. He then said : " I mention these cases to show that the law has long considered fraud and violence as the same." The case is cited with approbation in Bishop upon Statutory Crimes (§ 635).

It only remains to say that the exceptions effecting the evidence have been examined and none of them are vital. Those taken during the examination of Mr. Bonsall are perhaps the more formidable, but his testimony which was chiefly of interviews with the appellant, was important on the question of intent developing as it did the methods employed by the latter in conducting his business. It was a part and properly so of the *res gestœ.*

The exceptions to the charge and refusals to charge are equally valueless. The theory upon which the accusation against the appellant was tried and presented to the jury, was within the principles laid down herein, and the appellant has no legal cause of complaint.

The judgment for these reasons should be affirmed.

Present BRADY, P. J., DANIELS and BARTLETT, JJ.

Judgment affirmed.